UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BENJAMIN A. JOHNSON, | Case No. 2:19-cv-00339-DCN |
| Petitioner, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| KOOTENAI COUNTY, a legal subdivision of the State of Idaho, by and through its Board of County Commissioners, | |
| Respondent. | |

## I. INTRODUCTION

Pending before the Court is Petitioner Benjamin A. Johnson's Petition for Writ of Mandamus, Judicial Review ("Petition"). Dkt. 1. Having reviewed the record, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Petition without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court does not reach the merits of the Petition and DISMISSES the case in its entirety for lack of jurisdiction.

## II. BACKGROUND

On January 24, 2019, the Kootenai County Community Development Director (the

"Director") approved the development of a three (3)-lot minor subdivision (the "Subdivision"). Ben Pointe Road is a small private road which provides access to the proposed Subdivision. Certain sections of Ben Pointe Road, including the portion that provides access to the Subdivision, are only twelve (12) feet wide. These sections do not meet the International Fire Code ("IFC") standards, which were adopted by Kootenai County. Namely, the IFC requires roads to be twenty (20) feet wide.

Johnson appealed the Director's approval of the development because Ben Pointe Road currently does not meet the IFC standards. Johnson believes that approval of the Subdivision should be conditioned on the widening of Ben Pointe Road to be in compliance with the IFC. Ultimately, Kootenai County Board of County Commissioners (the "Board") heard Johnson's appeal and affirmed the Director's decision, citing various provisions of the Kootenai County Code which allowed Kootenai County to proceed with the development of the Subdivision despite the fact that Ben Pointe Road fell short of IFC safety standards.

Johnson now seeks a writ of mandamus compelling the Board to approve the Subdivision only if the private access road is brought up to current IFC standards or, alternatively, judicial review of the Board's decision.

### III. LEGAL STANDARD

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)." *Sinochem Intern. Co. v. Malaysia Int'l. Shipping Corp.*, 549 U.S. 422, 431-31 (2007). Further, "[w]ithout jurisdiction the court cannot proceed at all in any cause; it

may not assume jurisdiction for the purpose of deciding the merits of the case." *Id.* (internal quotations omitted). Thus, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also Washington Local Lodge No. 104 of Int'l Bhd. of Boilermakers, AFL-CIO v. Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers, AFL-CIO*, 621 F.2d 1032, 1033 (9th Cir. 1980) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") (quoting Fed. R. Civ. P 12(h)(3)).

Federal district courts are courts of limited jurisdiction and as such, can only hear cases and controversies that involve a federal question, 28 U.S.C. § 1331, or satisfy federal diversity jurisdiction requirements, 28 U.S.C. § 1332. Generally speaking, diversity jurisdiction requires: (1) the plaintiff and defendant to be citizens of different states; and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332. Under federal question jurisdiction, a court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Simply put, a federal court has jurisdiction to hear cases regarding federal law.

## IV. ANALYSIS

### A. Original Jurisdiction

Here, Johnson alleges that the Court has federal-question jurisdiction under 28 U.S.C. § 1331 because this action involves a federal question, to wit: the Takings Clause

of the Fifth Amendment.[1] Dkt. 1, at 2. He then alleges that the Court has authority to issue a writ of mandamus under the All Writs Act, 28. U.S.C. § 1651, and may hear his state law petition for judicial review under the Court's supplemental jurisdiction authority.[2] *Id.* As explained below, the Court's authority—if any—to entertain Johnson's Petition depends entirely on his allegations regarding the Takings Clause of the Fifth Amendment.

The All Writs Act states "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. This statute, however, is "not a source of subject-matter jurisdiction." *United States v. Dendo*, 556 U.S. 904, 913 (2009); *see also Clinton v. Goldsmith,* 526 U.S. 529, 534-35 (1999). The plain language of the statue authorizes a court to issue writs "*in aid of their* respective jurisdictions," 28 U.S.C. § 1651, but does not grant a court with subject-matter jurisdiction over the underlying case. *See also Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) (finding that "the All Writs Act does not confer jurisdiction on the federal courts" where such jurisdiction is otherwise lacking); *Hamilton v. Nakai*, 453 F.2d 152, 157 (9th Cir.1972) (Section 1651(a) "does not confer original jurisdiction, but rather, prescribes the

---

[1] Johnson does not allege diversity jurisdiction under 28 U.S.C. § 1332. A review of the record shows that both Johnson and Kootenai County are citizens of Idaho (Dkt. 1, at 2) and, as Johnson is seeking a temporary restraining order, the amount in controversy does not exceed $75,000. Thus, the Court does not have diversity jurisdiction over this case because both elements of 28 U.S.C. § 1332 are missing.

[2] Johnson alleges his state law claim is authorized by Kootenai County Code section 8.8.501, which states in relevant part "[d]ecision made by the Board may be appealed to the district court as provided by law." Critically, however, Kootenai County Code section 8.6.903 clarifies that "jurisdiction and venue for any dispute shall be in the First Judicial District Court, Kootenai County, Idaho." Accordingly, the "district court" referenced by Johnson is Idaho State district court, not United States federal district court.

scope of relief that may be granted when jurisdiction otherwise exists"). Additionally, supplemental jurisdiction does not establish original subject-matter jurisdiction. Generally speaking, supplemental jurisdiction is the ability a federal court has to hear additional claims substantially related to the original claim even though the court would lack the subject-matter jurisdiction to hear the additional claims independently. 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."). When a court does not have original jurisdiction, however, it may not exercise supplemental jurisdiction. *Arbaugh*, 546 U.S. at 515.

In sum, the Court's ability to issue a writ of mandamus and entertain a petition for judicial review is contingent on its jurisdiction over this case. Johnson's only allegation of jurisdiction concerns the Takings Clause of the Fifth Amendment. The Court turns its analysis to this allegation.

### B. The Takings Clause

"The Takings Clause of the Fifth Amendment of the United States Constitution, made applicable to the States through the Fourteenth Amendment, provides: '[N]or shall private property be taken for public use, without just compensation." *Dolan v. City of Tigard,* 512 U.S. 374, 383-84 (1994) (quoting U.S. Const. amend. V) (internal citations omitted). "One of the principal purposes of the Takings Clause is to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Id.* at 384. A necessary element of a takings claim is

government action—action that takes private property for public use, without just compensation. Though there are a variety of ways a government could "take" private property, *see, e.g.*, *Nollan v. California Coastal Com'n*, 483 U.S. 825 (1987) (holding a Fifth Amendment taking occurred when a state conditioned a building permit on the owner's granting an easement across their beachfront property), it is essential that a government affirmatively takes steps that infringe on a person's Fifth Amendment rights.

Here, the facts as presented by Johnson do not involve the Takings Clause of the Fifth Amendment. At no time did Kootenai County "take" private property and at no time does Johnson ever allege they did or even planned to do so. In fact, just the opposite occurred.

As part of its decision to grant the Subdivision's application, the Board relied on research conducted by Kootenai County Civil Deputy Attorney Patrick Braden. According to Braden's research, if the Board decided in favor of Johnson, the widening of Ben Pointe Road would constitute a taking pursuant to the Takings Clause of the Fifth Amendment and the Supreme Court cases of *Dolan v. City of Tigard*, 512 U.S. 374 (1994) and *Nollan v. California Coastal Com'n*, 483 U.S. 825 (1987). Johnson stated he disagreed with Braden's interpretation of the law, but the Board ultimately affirmed the Director's decision to approve the Subdivision. In other words, Kootenai County *avoided* taking any action that would possibly invoke the Fifth Amendment.

Johnson claims Braden's misinterpretation of *Dolan* and *Nollan*, along with the Board's subsequent reliance on it, is enough to give this Court subject-matter jurisdiction. The Court, however, cannot be so liberal in its reading of 28 U.S.C. § 1331. Johnson has

not alleged there was any taking whatsoever. Neither has he alleged that Kootenai County even intends there to be one. All in all, Johnson has not alleged any facts that would even hint at a violation of the Takings Clause. Instead, he believes that Kootenai County severely misinterpreted the law regarding takings and wants the Court to correct it. An alleged misinterpretation of federal case law, without more, does not cause a claim to "arise under the Constitution, treaties, or laws of the United States"[3] and therefore cannot give the Court jurisdiction.

After thoroughly reviewing the record, it is apparent to the Court that what Johnson really seeks is review of the Kootenai County Code provisions that the Board relied on in making their decision. As there is no authority that would allow the Court to independently do so, Johnson attempted to connect the Board's decision to the only federal aspect of this case: a brief discussion on how one of Kootenai County's alternative actions might invoke the Fifth Amendment. This connection is not strong enough to give the Court jurisdiction over the case. Thus, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court must DISMISS this case.

///

///

///

///

///

///

---

[3] In addition, even if the Court had jurisdiction, any expression of the Court would be an impermissible advisory opinion, "*i.e.* an opinion advising what the law would be upon a hypothetical state of facts." *In re MacNeil*, 907 F.2d 903, 904 (9th Cir. 1990).

## V. ORDER

IT IS HEREBY ORDERED THAT:

1. Johnson's Petition for Writ of Mandamus, Judicial Review is DISMISSED for lack of jurisdiction.

DATED: October 17, 2019

David C. Nye
Chief U.S. District Court Judge